UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

GLENN BURTON, JR.,
        Plaintiff,

v.                                      Case No. 07-cv-0303

AMERICAN CYANAMID, et al.,
        Defendants;

RAVON OWENS,
        Plaintiff,

v.                                        Case No. 07-cv-0441

AMERICAN CYANAMID, et al.,
        Defendants;

ERNEST GIBSON,
        Plaintiff,

v.                                        Case No. 07-cv-0864

AMERICAN CYANAMID, et al.,
        Defendants;

BRIONN STOKES,
        Plaintiff,

v.                                        Case No. 07-cv-0865

AMERICAN CYANAMID, et al.,
        Defendants;

CESAR SIFUENTES,
        Plaintiff,

v.                                        Case No. 10-cv-0075

AMERICAN CYANAMID, et al.,
        Defendants;

MANIYA ALLEN, et al.,
        Plaintiffs,

v.                                              Case No. 11-cv-0055

AMERICAN CYANAMID, et al.,
        Defendants;

DEZIREE VALOE, et al.,
        Plaintiffs,

v.                                              Case No. 11-cv-0425

AMERICAN CYANAMID, et al.,
        Defendants;

DIJONAE TRAMMELL, et al.,
        Plaintiffs,

v.                                              Case No. 14-cv-1423

AMERICAN CYANAMID, et al.,
        Defendants.
_____

## **DECISION AND ORDER**

        Plaintiffs bring these negligence and failure to warn actions against various lead paint and paint pigment manufacturers alleging they were harmed by ingesting lead paint as children. I previously denied defendants' motions to dismiss for lack of personal jurisdiction and on other grounds. Defendants now ask me to certify the decision concerning personal jurisdiction for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

        Under § 1292(b), I may certify an order for interlocutory appeal if I conclude that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." In considering defendants' motion, I consider four

2

criteria: "there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir. 2000). Defendants bear the burden of persuading me that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fisons Ltd. v. United States*, 458 F.2d 1241, 1248 (7th Cir. 1972).

I rejected defendants' argument that I lacked specific jurisdiction over defendants because plaintiffs could not link their injuries to the product of an individual defendant. I conclude, first, that this decision is not contestable. Section 1292(b) requires a "substantial" ground for a difference of opinion, and I do not believe a substantial ground exists as to justify immediate appeal. In the decision, I applied settled Supreme Court law on specific jurisdiction, stating that the exercise of specific jurisdiction required findings that (1) defendants "purposefully directed [their] activities at residents of" Wisconsin and (2) "the litigation results from alleged injuries that arise out of or relate to those activities." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–73 (1985) (internal quotations and citations omitted). In analyzing the second element,[1] I applied Seventh Circuit precedent providing that whether an injury "arises out of or relates to" a defendant's Wisconsin conduct is a "litigation-specific" inquiry requiring plaintiff to show a causal link between the Wisconsin conduct and "the allegedly tortious activity." *Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014). Plaintiffs rely on Wisconsin's risk contribution theory of liability which relaxes the causation standard and requires a

---

[1] Most defendants did not contest the first element, purposeful availment, and the present motion focuses on the second.

plaintiff to prove only that defendants "contributed to the *risk* of injury to the public, and, consequently, . . . to the individual plaintiffs." *Thomas ex rel. Gramling v. Mallett*, 285 Wis. 2d 236, 289 (2005). Thus, I concluded that to establish that the suit arises out of or relates to a defendant's Wisconsin conduct, plaintiffs' complaint needed only to plausibly allege that defendants' Wisconsin-directed activities contributed to the risk of injury. Plaintiffs alleged that defendants directed activities at Wisconsin, that such activities contributed to plaintiffs' risk of lead poisoning in Wisconsin, and that plaintiffs' injuries arose out of or related to that conduct. Thus, plaintiffs pleaded what was required to establish specific jurisdiction, and because this conclusion is supported by Supreme Court and Seventh Circuit case law, I do not see a "substantial" ground for a difference of opinion on the issue.

Defendants make several opposing arguments. First, they contend that I should not have distinguished the present case from various intentional tort cases they cited. However, defendants misunderstand the reasoning underlying the distinction. The basis for the distinction was not intentional versus non-intentional but rather the causation requirement of the present case. Unlike intentional tort claims, plaintiffs need not establish a cause-in-fact connection between an individual defendant's conduct and their injuries but only that a defendant contributed to the risk of injury. Nor does my ruling conflict with the negligence and wrongful death claims defendants cite which, like intentional tort claims but unlike risk contribution claims, require a cause-in-fact connection. *See Myers v. Casino Queen, Inc.*, 689 F.3d 904 (8th Cir. 2012) (negligence claim); *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210 (11th Cir. 2009) (same); *Negron-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19 (1st Cir. 2007) (wrongful death claim); *O'Connor v. Sandy Lane Hotel*

4

*Co., Ltd.*, 496 F.3d 312 (3d Cir. 2007) (negligence claims); *Brunner v. Hampson*, 441 F.3d 457 (6th Cir. 2006) (negligence, loss of consortium, and wrongful death claims); *Terracom v. Valley Nat'l Bank*, 49 F.3d 555 (9th Cir. 1995) (negligent investigation claim under the Miller Act); *Prejean v. Sonatrach, Inc.*, 652 F.2d 1260 (5th Cir. 1981) (wrongful death claim); *Arocho v. Nafziger*, 367 Fed. Appx. 942 (10th Cir. 2010) (*Bivens* claim for negligent medical treatment); *Yates v. Motivation Indus. Equip. Ltd.*, 38 Fed. Appx. 174 (4th Cir. 2002) (wrongful death claim).[2]

Second, defendants argue that my conclusion that Wisconsin's risk contribution theory of liability relaxes the causation standard is contestable. This is so, according to defendants, because it eliminates a causation requirement altogether. However, this conclusion is also not contestable because the Seventh Circuit has already concluded that the Wisconsin Supreme Court in *Thomas* "did *not* entirely eliminate causation," that instead it merely "relax[ed] the traditional cause-in-fact requirement," and that this relaxed causation standard "comports with due process." *Gibson v. Am. Cyanamid Co.*, 760 F.3d 600, 614 (7th Cir. 2014). This argument appears to attempt to re-litigate the causation standard required for liability, an argument which failed in the first appeal in this case. Allowing the immediate appeal of an issue already addressed by the Seventh Circuit would not serve the purpose of § 1292(b).

Third, defendants argue that my conclusion that "it would make no sense to require

---

[2] In fact, some of the cases defendants cite support my conclusion that the analysis of whether the litigation arises out of a defendant's forum-directed activities depends on the nature of the underlying cause of action. *See, e.g., Myers*, 689 F.3d at 913 (noting that courts should "adopt a flexible approach when construing the 'relate to' aspect of the Supreme Court's standard" because "relatedness cannot merely be reduced to one tort concept for all circumstances").

5

plaintiffs to allege more in the way of causation to establish specific jurisdiction than they must to establish liability" is contestable. *See, e.g.*, *Burton v. Am. Cyanamid Co.*, No. 07-cv-0303, Decision & Order at 6–7 (ECF No. 327). They argue that this conclusion is at odds with the premise that "a state or federal statute cannot transmogrify insufficient minimum contacts into a basis for personal jurisdiction by making these contacts elements of a cause of action, since this would violate due process." *Cent. States, Se. & Sw. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 944 (7th Cir. 2000). However, my decision does not violate this premise. The *Central States* court was analyzing the sufficiency of plaintiffs' allegations regarding minimum contacts, i.e. whether defendants had purposefully directed activities at the forum, not whether the litigation arose out of or related to such contacts. What *Central States* means is that just because an action is sufficient to establish liability does not mean it is sufficient, in and of itself, to establish minimum contacts. However, after minimum contacts have been established, then a court must "determine whether the sufficient minimum contacts . . . arise out of or are related to the causes of action involved in the suit," and for this analysis the court must "examin[e] the plaintiff's causes of action." *Id.* at 944. Thus, my consideration of the nature of the underlying cause of action in determining whether that cause of action arose from defendant's Wisconsin-directed conduct was appropriate and not contestable.

    I also conclude that immediate appeal is not likely to speed up litigation in this case. The only scenario under which an immediate appeal will materially advance the litigation is if the Seventh Circuit reverses my decision, which, as I have explained, I do not believe is likely. The interlocutory appeal will take a considerable amount of time; by comparison,

the last appeal in this case took four years and included a petition for certiorari to the United States Supreme Court. *See Am. Cyanamid Co. v. Gibson*, 135 S. Ct. 2311 (2015) (denying defendants' petition for writ of certiorari in May 2015 when the district court's decision was issued in November 2010). Given the number of years this litigation has been pending and, in my opinion, defendants' chance of success on appeal, I believe the best way to materially advance this litigation is to deny immediate appeal and proceed to discovery. *See Ryan v. C.I.R.*, 517 F.2d 13, 19 (7th Cir. 1975) ("[The] risk [of harm to a party requesting interlocutory appeal] must be balanced against the need for efficient federal judicial administration, the need for the appellate courts to be free from the harassment of fragmentary and piecemeal review of cases otherwise resulting from a succession of appeals from the various rulings which might arise during the course of litigation.").

Finally, I address a separate argument for interlocutory appeal made by Atlantic Richfield and American Cyanamid. At the motion to dismiss stage, Atlantic Richfield and American Cyanamid joined the other defendants in arguing that plaintiffs could not show that their injuries arose out of or related to defendant's Wisconsin-directed conduct, but they also separately argued that plaintiffs had not pled sufficient facts to support the assertion that they had purposefully directed activities at Wisconsin. During briefing on the interlocutory appeal issue, they filed separate reply briefs, seeming to argue that in addition to certifying the issue discussed above, I should also certify my decision that plaintiffs had adequately pled that Atlantic Richfield and American Cyanamid purposefully directed their activities at Wisconsin sufficient that they could expect to be haled into court here. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Because Atlantic

Richfield and American Cyanamid first raise this argument in their reply briefs, I will not consider it. *See Sharpe v. Glob. Sec. Int'l*, 766 F. Supp. 2d 1272, 1294 n.26 (S.D. Ala. 2011) (citing *Nelson v. La Crosse Cty. Dist. Attorney*, 301 F.3d 820, 836 (7th Cir. 2002)). I also note that even if I were to consider certifying this issue for immediate appeal, it is unlikely that I would grant the request because the purposeful availment inquiry requires the application of facts to a legal standard and thus is not a pure question of law. *Ahrenholz*, 219 F.3d at 677 (defining "pure question of law" as "something the court of appeals could decide quickly and cleanly without having to study the record").

**THEREFORE, IT IS ORDERED** that defendants' motions for certification of my personal jurisdiction decision (No. 07-cv-0303, ECF No. 328; No. 07-cv-0441, ECF No. 292; No. 07-cv-0864, ECF No. 286; No. 07-cv-0865, ECF No. 267; No. 10-cv-0075, ECF No. 193; No. 11-cv-0055, ECF No. 166; No. 11-cv-0425, ECF No. 118; No. 14-cv-1423, ECF No. 80) are **DENIED**.

Dated at Milwaukee, Wisconsin, this 26th day of January, 2016.

s/ Lynn Adelman
_____
LYNN ADELMAN
District Judge