# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| CESAR SIFUENTES,<br>    Plaintiff,<br>    v.<br>AMERICAN CYANAMID CO., et al.,<br>    Defendants. | Case No. 10-CV-0075-LA |
| GLENN BURTON, JR.,<br>    Plaintiff,<br>    v.<br>AMERICAN CYANAMID CO., et al.,<br>    Defendants. | Case No. 07-CV-0303-LA |
| RAVON OWENS,<br>    Plaintiff,<br>    v.<br>AMERICAN CYANAMID CO., et al.,<br>    Defendants. | Case No. 07-CV-O441-LA |

## DEFENDANT THE SHERWIN-WILLIAMS COMPANY'S
## CIVIL L. R. 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO EXCLUDE TARDY EXPERT OPINIONS OF DR. JOSEPH SWIDER

**QUARLES & BRADY LLP**
Jeffrey K. Spoerk, Esq. (1005405)
Alexandra W. Shortridge (1086553)
Stacy A. Alexejun (1074016)
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202

**JONES DAY**
Charles H. Moellenberg, Jr., Esq.
Hayley A. Haldeman, Esq.
500 Grant Street, Suite 4500
Pittsburgh, PA 15222

*Attorneys for Defendant The Sherwin-Williams Company*

Pursuant to Rule 26(a)(2)(D)(ii), Sherwin-Williams moves to exclude new expert opinions of Dr. Joseph Swider, which Plaintiffs submitted months after the close of discovery, without any justification for delay and resulting in unfair prejudice to Sherwin-Williams.[1]

## BACKGROUND

For Plaintiffs to proceed under the risk-contribution theory, they must show that it is impossible for them to identify the manufacturer of the white lead carbonate pigments ("WLC") that they allegedly ingested. *Thomas ex rel. Gramling v. Mallett*, 2005 WI 129, 285 Wis.2d 236, 701 N.W.2d 523. Plaintiffs admitted that they did not attempt to meet their threshold burden. *See* Sherwin-Williams' Mot. For Sum. Jud. Because Plaintiffs Have Not Demonstrated A Prerequisite Needed For The Risk-Contribution Theory To Apply (*Burton* ECF No. 644; *Owens* ECF No. 569; *Sifuentes* ECF No. 489) ("Motion") at 6. For example, although Plaintiffs retained an analytical chemist, Dr. Joseph Swider, during discovery to test paint chips taken from their residences for the presence of WLC, Plaintiffs did not ask him or any other chemist to test for manufacturer identification or to testify that it was impossible for these Plaintiffs to do. Haldeman Decl., Ex. A at 30:15-17; 141:1-4.

Sherwin-Williams' discovery responses made clear that manufacturer identification may be possible, a point that Plaintiffs were also already aware of through prior expert testimony. *See* Mot. at 3; *see also* Reply In Support Of Motion (filed contemporaneously) ("Reply") at n.2. Moreover, Sherwin-Williams retained a paint chemistry expert, Dr. Dean Webster, whose expert disclosure described several scientific techniques that potentially can identify WLC manufacturers. *See* Webster Decl. In Support Of Motion (*Burton* ECF No. 644-1; *Owens* ECF No. 578-1; *Sifuentes*

---

[1] Sherwin-Williams' contemporaneously-filed Reply In Support Of Sherwin-Williams' Mot. For Sum. Jud. Because Plaintiffs Have Not Demonstrated A Prerequisite Needed For The Risk-Contribution Theory To Apply at 8-10 addresses the substantive errors and omissions with Dr. Swider's expert opinion. Sherwin-Williams incorporates that discussion here.

ECF No. 506-1), Ex. 1 at 11-12.  Nonetheless, Plaintiffs did not submit a rebuttal report from Dr. Swider or another chemist to demonstrate that manufacturer identification is impossible.  Because Plaintiffs never attempted to show the impossibility of manufacturer identification, Sherwin-Williams moved for summary judgment on grounds that Plaintiffs did not meet their burden for the risk-contribution theory to apply.  *See generally* Motion.

Plaintiffs' Opposition to the Motion cited an "Exhibit E, Joseph Swider Declaration," which was not attached or filed.  *Burton* ECF No. 771; *Owens* ECF No. 706; *Sifuentes* ECF No. 631.  After Sherwin-Williams' counsel emailed regarding the omission, Haldeman Decl., Ex. B, Plaintiffs filed an undated three-page declaration.  *Burton* ECF No. 783; *Owens* ECF No. 719; *Sifuentes* ECF No. 648.  Citing only one article regarding artists' paint conservation techniques and no other support, the declaration includes an opinion—never before offered—rebutting Dr. Webster and claiming that "[t]here is no valid method to determine the manufacturer of [WLC] from an architectural paint sample with scientific certainty."  *Id.*  Other than this declaration and mischaracterizations of Sherwin-Williams' experts' testimony, *see* Reply at 12-15, Plaintiffs did not identify any evidence to demonstrate that it is impossible to identify the manufacturer of WLC.

## ARGUMENT

Under Rule 26(a)(2)(D)(ii), "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party … [must make these disclosures] within 30 days after the other party's disclosure."  Untimely expert evidence must be excluded, unless a party can show that their tardiness was "justified or harmless."  *See Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230-31 (7th Cir. 1996) (upholding untimely rebuttal report's exclusion).  Otherwise, opposing parties are unfairly prejudiced:  "Defendants were entitled to assume that [the expert] reports were complete.  Defendants are now unfairly prejudiced by the [plaintiffs'] reliance on new and untimely expert opinions in response to summary judgment ….  The Court will not

allow [plaintiffs] to ambush Defendants with new expert opinions after the expert opinion disclosure deadline and after they filed for summary judgment." *Baker v. Indian Prairie Community Unit, School Dist. No. 204*, No. 96–cv-3927, 1999 WL 988799, at *3 (N.D. Ill. 1999).

For years, Plaintiffs have been on notice that various scientific techniques can distinguish between, and potentially identify, different manufacturers' WLC pigments, and that Sherwin-Williams contests the impossibility of identification. Sherwin-Williams served its discovery responses in 2016, and Dr. Dean Webster disclosed his opinions on March 20, 2017. The deadline to submit expert rebuttal reports was April 19, 2017, over six months ago. Plaintiffs waited until after the close of discovery to offer new expert opinions. They do not offer any justification for their delay. *Id.*; *see also Ruddell v. Marathon Petroleum Co.*, No. 3:15-CV-1253, 2017 WL 1479324, at *2 (S.D. Ill. 2017) (excluding rebuttal report when discovery closed and no justification for delay). Introduction of new opinions at this eleventh hour, without any opportunity to depose Dr. Swider and after Sherwin-Williams moved for summary judgment, is unfairly prejudicial.

Moreover, Dr. Swider's opinions do not satisfy the standard of Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). An expert's testimony, regardless of the form in which his opinions are delivered, must be based on "sufficient facts and data." Fed. R. Ev. 702. Here, the bare bones report, citing only one irrelevant article, is impermissible *ipse dixit* of Dr. Swider and does not constitute an admissible expert opinion. *Clark v. Takata Corp.*, 192 F.3d 750, 759 (7th Cir. 1999) (affirming exclusion of expert opinion that "offers nothing more than a 'bottom line' conclusion [that] does not assist the trier of fact").

In sum, because Dr. Swider's declaration constitutes an untimely expert rebuttal report, with no justification for its delay; fails to satisfy the Rule 702 standard for expert opinions; and would be unfairly prejudicial to Sherwin-Williams, it should be excluded. Fed. R. Civ. P. 26(a)(2)(D)(ii).

3

Case 2:07-cv-00303-LA    Filed 11/03/17    Page 4 of 5    Document 908

Dated at Milwaukee, Wisconsin this 3rd day of November, 2017.

        **QUARLES & BRADY LLP**

        By: */s/ Hayley A. Haldeman*
            Jeffrey K. Spoerk, Esq. (1005405)
            Alexandra W. Shortridge, Esq. (1086553)
            Stacy A. Alexejun, Esq. (1074016)
            411 East Wisconsin Avenue, Suite 2350
            Milwaukee, WI 53202
            Telephone: (414) 277-5000
            Fax: (414) 271-3552
            Email: jeff.spoerk@quarles.com
            Email: alexandra.shortridge@quarles.com
            Email: stacy.alexejun@quarles.com

        **JONES DAY**

            Charles H. Moellenberg, Jr., Esq.
            Hayley A. Haldeman, Esq.
            500 Grant Street, Suite 4500
            Pittsburgh, PA 15222
            500 Grant Street, Suite 4500
            Pittsburgh, PA 15219
            Telephone: (412) 391-3939
            Fax: (412) 394-7959
            Email: chmoellenberg@jonesday.com
            Email: hhaldeman@jonesday.com

        **Attorneys for Defendant The Sherwin-Williams Company**